[Cite as *Bolender v. Bolender*, 2014-Ohio-2136.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| DIANE BOLENDER, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA984 |
| v. | : | |
| | | <u>DECISION AND</u> |
| SAM BOLENDER, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 05/15/2014 |

<u>APPEARANCES:</u>

Randalyn C. Minyard, West Union, Ohio, for Appellant.

Cecelia J. Potts, Mt. Orab, Ohio, for Appellee.

Hoover, J.

{¶ 1} Sam Bolender ("appellant") appeals the judgment of the Adams County Common Pleas Court, Division of Domestic Relations, which inter alia, granted a divorce to Diane Bolender ("appellee") and ordered appellant to pay appellee $500 in monthly spousal support for 108 months.

{¶ 2} The parties married on November 27, 1972. The parties reared children together, but the children are now emancipated. At the time of the final divorce hearing, appellant was working 20 hours per week at Manchester Local Schools. Appellant also earned income in the capacity of a Scott Township Trustee. Finally, appellant owned an auction business and did carpentry jobs to supplement his income. Appellee has worked 36 hours per week as a restaurant server, for the past eight years, and earns $8.85 per hour.

{¶ 3} On October 11, 2011, appellee filed her complaint for divorce as well as several motions seeking temporary orders, including a motion for spousal support. In March 2012, the magistrate issued a decision ordering appellant to pay appellee $500 per month in temporary spousal support. The temporary spousal support order was deemed effective February 1, 2012, and was not set to terminate until the conclusion of the case.

{¶ 4} Shortly after the magistrate ordered appellant to pay temporary spousal support, the parties mutually agreed to sell their marital home. Appellant and appellee each received $34,774.89 as proceeds from the sale of the marital home. The parties also received $7,700 each from the sale of their personal property. On May 7, 2012, appellant filed a motion to modify/terminate temporary spousal support. Essentially, appellant argued that because the circumstances had changed as a result of the sale of the marital home, the temporary spousal support order should be terminated, or in the alternative, modified to account for appellee's receipt of the proceeds.

{¶ 5} A final hearing on divorce, contempt, and spousal support modification was held before the magistrate on September 4, 2012. Both parties testified as to their respective incomes and expenses. Appellee also sought a permanent award of spousal support.

{¶ 6} On March 1, 2013, the magistrate issued a decision in which he, among other matters, ordered that the marriage be dissolved on the grounds of incompatibility and that appellant pay appellee $500 in spousal support for 108 months. The magistrate also declined to modify or terminate the temporary spousal support award. On that same day, the trial court filed a judgment entry adopting the magistrate's decision on the divorce and a decree of divorce. Appellant filed timely objections to the magistrate's decision raising several issues concerning

the spousal support award and the failure of the magistrate to modify or terminate the temporary spousal support award. Both appellant and appellee filed briefs on the objections.

{¶ 7} On October 9, 2013, the trial court issued its judgment entry, which overruled appellant's objections and adopted the magistrate's decision in its entirety. Appellant filed a timely notice of appeal.

{¶ 8} On appeal, appellant asserts three assignments of error for review:

First Assignment of Error:

> THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING THE WRONG STANDARD OF REVIEW FOR AN OBJECTION TO A MAGISTRATE'S DECISION.

Second Assignment of Error:

> THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO TAKE INTO CONSIDERATION THE EVIDENCE PRESENTED AT THE FINAL DIVORCE HEARING AND AWARDING AN INEQUITABLE AMOUNT OF SPOUSAL SUPPORT.

Third Assignment of Error:

> THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO MODIFY AND/OR TERMINATE TEMPORARY SPOUSAL SUPPORT.

{¶ 9} In his first assignment of error, appellant contends that the trial court used the wrong standard of review in evaluating the magistrate's decision. Specifically, appellant alleges that the trial court used an abuse of discretion standard rather than conducting an independent review as required by Civ.R. 53(D)(4)(d).

{¶ 10} Civ.R. 53(D)(4)(d) provides that: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Thus,

"Civ.R. 53(D)(4)(d) 'contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.' " *Yazdani-Isfehani v. Yazdani-Isfehani*, 4th Dist. Athens No. 11CA1, 2012-Ohio-1031, ¶ 8, quoting *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, 931 N.E.2d 592, ¶ 9 (4th Dist.). "Once the de novo review is complete, the trial court may adopt, reject, or modify the magistrate's decision." *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, 964 N.E.2d 492, ¶ 4 (3rd Dist.).

{¶ 11} Ordinarily, we presume that the trial court conducted an independent analysis of the magistrate's decision. *Lowe v. Lowe*, 4th Dist. Pickaway No. 10CA30, 2011-Ohio-3340, ¶ 52. Thus, the party asserting error must affirmatively show that the trial court did not conduct an independent analysis. *Id*. " 'Further, simply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment.' " *Id*., quoting *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶ 18.

{¶ 12} In this case, the trial court's judgment entry overruling appellant's objections to the magistrate decision was ten pages long and addressed each of appellant's objections. Further, the trial court expressly indicated that it reviewed the filings in the case and the transcript of the final hearing on divorce, contempt, and spousal support modification. [Judgment Entry at 2.] The judgment entry is replete with citations to the transcript and is, in fact, more factually detailed than the magistrate's decision.

{¶ 13} Appellant points to the following portion of the judgment entry in support of his claim that the trial court did not conduct a de novo review of the magistrate's decision:

The appropriate appellate standard of review in a divorce proceeding is that of abuse of discretion, *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981), which means that this Court, on review of the record, must use its own sound discretion on review of the evidence and the Magistrate's decision, and that this Court's discretion must not be arbitrary, unreasonable or unconscionable. *See, Blakemore v. Blakemore* (1983), 5 Ohio.St.3d 217, 219. The Court further notes that it is well settled law that a reviewing court will not simply substitute its judgment for that of the trial court that actually heard the evidence, *Berk v. Matthews* (1990), 53 Ohio.St.3d 161, 169, but must rather consider the trial court's decision in its entirety, considering the totality of the circumstances, and determine whether or not there was an abuse of discretion. *Briganti v. Briganti* (1984), 9 Ohio.St.3d 220, 222.

[Judgment Entry at 2-3.] While the above passage uses abuse of discretion language, the trial court correctly recognizes that it "must use its own sound discretion on review of the evidence" when evaluating the magistrate decision. Moreover, a close reading of the passage indicates that the trial court was trying to convey that a reviewing court, such as this appellate court, reviews the trial court's decision for an abuse of discretion; not that the trial court reviews a magistrate's decision for an abuse of discretion. Besides, for the reasons stated above, a review of the entire judgment entry confirms that the trial court did conduct a proper independent review as mandated by Civ.R. 53(D)(4)(d). Accordingly, appellant's first assignment of error is overruled.

{¶ 14} In his second assignment of error, appellant contends that the trial court erred by awarding appellee $500 in monthly spousal support for 108 months. He asserts that the spousal support award was "unreasonable" and "inequitable" in light of the evidence presented at trial.

{¶ 15}[1] Trial courts generally enjoy broad discretion to determine spousal support issues. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). Consequently, an appellate court will not reverse a trial court's spousal support decision absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990); *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989). "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *E.g., Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 16} R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support. R.C. 3105.18(C) states:

(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party

---

[1] Paragraphs 15-17 are adopted almost verbatim from a prior decision of this Court. *See Warner v. Warner*, 4th Dist. Scioto No. 12CA3511, 2013-Ohio-478, ¶¶ 9-11.

will be custodian of a minor child of the marriage, to seek employment outside

the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any

court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of

the other party, including, but not limited to, any party's contribution to the

acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support

to acquire education, training, or job experience so that the spouse will be

qualified to obtain appropriate employment, provided the education, training, or

job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that

party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(2) In determining whether spousal support is reasonable and in determining the

amount and terms of payment of spousal support, each party shall be considered

to have contributed equally to the production of marital income.

{¶ 17} When making a spousal support award, a trial court must consider all statutory

factors and not base its determination upon any one factor taken in isolation. *Kaechele v.*

*Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988), paragraph one of the syllabus. Although a

trial court possesses broad discretion to determine whether spousal support is reasonable and appropriate, it must consider the statutory factors and must indicate the basis for a spousal support award in sufficient detail to enable a reviewing court to determine that the award complies with the law. *Id*. at paragraph two of the syllabus.

{¶ 18} Here, we find that the trial court did not abuse its discretion in making the spousal support award. As stated above, appellee works 36 hours per week as a restaurant server at a rate of $8.85 per hour. The trial court found that appellee's 2011 W-2 "showed taxable earnings of $17,304, resulting in a net monthly, after tax income of $1,116.53." [Judgment Entry at 5.] Appellee testified, and the trial court determined, that her total monthly expenses amounted to $1,590. The trial court also determined that appellee started working in 1994, after the couple's son started school, and prior to her current employment, never earned more than the minimum wage. The trial court also acknowledged that the parties married when appellee was still in high school and that appellee never graduated from high school but did eventually receive her GED.

{¶ 19} Meanwhile, appellee testified that appellant had worked during their entire marriage. The trial court determined that at the time of the final divorce hearing, appellant had a "take home" pay of $564 every two weeks from his job with Manchester Local Schools. The trial court also determined that appellant "took home" $475 per month from his position as a Scott Township Trustee. Finally, the trial court noted that appellant anticipated earning $3,000 in profits from his auction business for the 2012 tax year. Thus, appellant's projected total net income for the 2012 tax year was $23,364; nearly twice the anticipated net income of appellee.

{¶ 20} The trial court further noted that appellant had reported $36,476 in taxable income in 2011. The trial court determined that the difference in income between 2011 and 2012 was a result of appellant's hours being cut from 40 a week, to 20 a week at his school district job.

Finally, the trial court determined that appellant had $1,590 in monthly living expenses, and $926 in monthly loan repayment expenses.

{¶ 21} As the above indicates, even while working only 20 hours per week at his highest paying job, appellant still earns significantly more income than appellee, who works 36 hours per week. Appellant also has the ability to earn more income from his auction business and carpentry work, especially since his hours have been cut in half at his job with the school district. Furthermore, the trial court's calculation of appellant's expenses is somewhat misleading. For instance, the trial court included $250 in phone service expense, even though that amount included the cost of appellee's phone service, which appellant is not required to pay. The expense calculation also included $243 in credit card payments, even though appellant is only required to pay half that amount. The expense calculation also included $115 per month for business insurance, even though that amount is due on a quarterly basis. Thus, when considering the relative income and expenses of the parties, we find that the trial court's award of spousal support in the amount of $500 per month to appellee was not unreasonable or inequitable.

{¶ 22} Moreover, even if the support award may result in a short-term negative cash flow for appellant, the support award is not unreasonable per se. *Machesky v. Machesky*, 4th Dist. Ross No. 10CA3172, 2011-Ohio-862, ¶ 23. As we explained in *Machesky*, it is not unreasonable to expect parties that have been living beyond their means to adjust their lifestyle under the terms of the divorce. *Id*. Certainly, it appears appellee has done so, having moved into an apartment and having deposited the monies earned from the sale of the marital home into a personal bank account. Appellant, meanwhile has already spent the entire marital home proceeds on the purchase of a trailer home and real property. In addition, more than half of appellant's monthly loan repayment expenses are attributable to his personal vehicle loan.

{¶ 23} Finally, in addition to the income disparity of the parties, many other R.C. 3105.18(C)(1) factors support the trial court's spousal support award; and the trial court specifically noted the applicable factors in its judgment entry. For instance, because appellant and appellee were married for nearly 40 years, the marriage was of a long duration. Appellant also has a greater earning ability than appellee. Appellant has specialized auctioneering and carpentry skills, whereas appellee entered the workforce late in her life, and has earned at or near minimum wage her entire work career. Appellee also never graduated from high school, and obtained her GED significantly later in life. Spousal support is also necessary, in view of the lifestyle that the parties achieved during their marriage.

{¶ 24} Appellant further contends that in considering appellee's income, the trial court ignored the proceeds that appellee received as a result of the sale of the marital home and sale of personal property. *See* R.C. 3105.18(C)(1)(a). However, the trial court expressly acknowledged the receipt of monies obtained by appellee as a result of the division of marital property when it discussed the spousal support award. [Judgment Entry at 4.] Moreover, income of the parties is only one of the factors that the trial court must consider when determining the reasonableness of spousal support.

{¶ 25} Having considered the totality of the circumstances, we do not find that the trial court's award of spousal support was an abuse of discretion. Accordingly, we overrule appellant's second assignment of error.

{¶ 26} In his third assignment of error, appellant contends that the trial court erred in overruling his motion to modify/terminate the temporary spousal support award.

{¶ 27} Under R.C. 3105.18(B), "reasonable" temporary spousal support may be granted during the pendency of a divorce action.[2] "The statute does not provide, nor have courts provided, a specific methodology in determining when an award of temporary spousal support is reasonable and how the amount of that award is to be decided." *Ward v. Ward*, 10th Dist. Franklin No. 99AP-66, 2000 WL 552186, *5 (May 4, 2000), citing *Office v. Office*, 2nd Dist. Montgomery No. 15298, 1997 WL 18043, *6 (Jan. 17, 1997); *see also Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶ 49 ("Temporary spousal support need not be based on the factors in R.C. 3105.18(C), but only needs to be an amount that is 'reasonable.' "). "However, courts have acknowledged that the purpose of temporary support is 'to preserve the status quo during the proceeding.' " *Ward* at *5, quoting *DiLacqua v. DiLacqua*, 88 Ohio App.3d 48, 54, 623 N.E.2d 118 (9th Dist.1993). Temporary spousal support is also appropriate to provide for the financial needs of a spouse. *Id*. As the tenth district court of appeals has explained:

> Because the purpose of temporary support is to maintain the status quo of the parties' economic positions, the fact that the spouse is employed and self-supporting does not necessarily preclude an award. A party's "need" is relative to the particular individual involved and the facts and circumstances of the case. However, it is understood that the exact lifestyle a party enjoyed during the marriage need not be maintained. Equity at the very minimum requires that a party receive sufficient spousal support to afford him or her a reasonable standard of living and one that is in equivalent relation to the standard maintained prior to their separation.

---

[2] Civ.R. 75(N)(1) also permits a trial court or magistrate to grant spousal support *pendente lite* for the party's sustenance and expenses during suit. *See* Civ.R. 75(N)(1); *Schwartz v. Schwartz*, 11th Dist. Lake No. 2000-L-068, 2001 WL 409520, *3 (April 20, 2001).

(Citations omitted.) *Id*. at *6.

{¶ 28} Like an award of permanent spousal support, an award of temporary spousal support is reviewed to determine whether the trial court abused its discretion. *Id*. at *5, citing *Gullia v. Gullia*, 93 Ohio App.3d 653, 665, 639 N.E.2d 822 (8th Dist.1994); *Office* at *6. Likewise, appellate courts should not reverse trial court spousal support modification decisions absent an abuse of discretion. *Addington v. Addington*, 4th Dist. Scioto No. 05CA3034, 2006-Ohio-4871, ¶ 8.

{¶ 29} Here, appellant argues that temporary spousal support was no longer needed to maintain the status quo, or to provide for the financial needs of appellee, after the parties sold the marital home. Rather, appellant contends that the proceeds received by appellee from the sale of the marital home were sufficient to provide for her financial needs during the pendency of the divorce proceedings.

{¶ 30} "R.C. 3105.18(E) permits a court to modify an award of spousal support if the court determines that 'the circumstances of either party have changed' since the existing order was entered and the decree of divorce contains a provision specifically authorizing the court to modify the amount or terms of spousal support." *Justus v. Justus*, 4th Dist. Gallia Nos. 92CA24, 92CA37, 1993 WL 436033, *4 (Oct. 27, 1993), citing R.C. 3105.18(E). "Absent these two conditions, a court is without jurisdiction to modify an award of spousal support." *Id.* While it is unclear whether the statute applies to a temporary spousal support award, even if we were to apply the statute to the case at hand we do not find that the trial court abused its discretion. *See Forbis v. Forbis*, 6th Dist. Wood Nos. WD-04-056, WD-04-063, 2005-Ohio-5881, ¶ 58 (indicating that "the party seeking a modification [of temporary spousal support] must demonstrate a substantial change in circumstances under R.C. 3105.18.").

{¶ 31} The party seeking a spousal support modification bears the burden of proving a changed circumstance that would justify a change in the amount of spousal support. *Addington*, 2006-Ohio-4871, at ¶ 8. A "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as * * * [t]he change in circumstances is substantial and makes the existing award no longer reasonable and appropriate * * * [and] [t]he change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable." R.C. 3105.18(F)(1)(a)-(b).

{¶ 32} In adopting the magistrate's denial of appellant's motion to modify/terminate the temporary support order, the trial court noted that while "both parties clearly received an equal share of the equity in their marital residence * * * [t]heir income differences * * * were obviously still inequitable." [Judgment Entry at 4.] The trial court concluded, therefore, that the temporary support order was still reasonable and appropriate and should not be terminated or modified.

{¶ 33} As the above indicates, the trial court was obviously aware of the sale of the marital home, and the lump sum payment received by appellee as a result of the transaction. Nonetheless, it is apparent that the trial court remained unconvinced that the receipt of the proceeds warranted the termination or modification of the temporary support order. Because the evidence established that the parties relied primarily on appellant's income during the marriage, that appellant had the ability to pay temporary spousal support, and that appellee had the need for support during the pendency of the divorce, the trial court's denial of motion to modify/terminate

was not unreasonable, arbitrary, or unconscionable.[3] While the proceeds from the sale of marital property was certainly helpful in providing for the needs of appellee during the pendency of the divorce, it is also true that the appellee was faced with additional expenses as a result of the parties' separation that she did not face while married. Most notably would be her housing expenses and attorney's fees. Thus, the trial court could rationally conclude that the temporary spousal support remained reasonable and appropriate, even after the parties received payment from the sale of the marital home. Accordingly, we find that the trial court did not abuse its discretion in overruling appellant's motion to modify/terminate the temporary spousal support order. Appellant's third assignment of error is overruled.

{¶ 34} Based on the foregoing, the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

---

[3] *See Office*, supra, at *7 ("In determining whether [temporary] spousal support is appropriate and reasonable, the court should consider, among others, the following factors: the spouse's ability to pay, the dependent spouse's need, and the standard of living that the parties maintained during their marriage.")

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J.: Concurs in Judgment & Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.