[Cite as *Bibbee v. Bibbee*, 2018-Ohio-3278.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

SHERRY LOUISE BIBBEE,                     :

    Plaintiff-Appellant,              :     Case No.   17CA25

    vs.                               :

JERRY RICHARD BIBBEE,                     :     DECISION AND JUDGMENT ENTRY


    Defendant-Appellee.               :

_____

APPEARANCES:

Sherry Louise Bibbee, Coolville, Ohio, pro se.

Christopher E. Tenoglia, Pomeroy, Ohio, for appellee.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-8-18
PER CURIAM.

{¶1} This is an appeal from an Athens County Common Pleas Court judgment that granted a

divorce to Sherry Louise Bibbee, plaintiff below and appellant herein, and Jerry Richard Bibbee,

defendant below and appellant herein.     Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT, ABUSED ITS DISCRETION WHEN IT
> FAILED TO SUPPORT/ALLOW THE APPELLANT, ADDITIONAL
> TIME IN HER PURSUIT OF FULL COMPLETE DISCOVERY."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT, ABUSED ITS DISCRETION WHEN IT
> FAILED TO ACT ACCORDINGLY ON AN ORDER, WRITTEN BY

MR. CHRISTOPHER TENOGLIA, ATTORNEY FOR THE APPELLEE, WITH A WRONG SUBMISSION DATE, WHICH ADVERSELY EFFECTED [SIC] THE APPELLANT'S ABILITY TO PRESENT HER CASE IN COURT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT, ABUSED ITS DISCRETION BY NOT UPHOLDING THE COURT ORDERED SPOUSAL SUPPORT, PER THE AGREED MODIFIED TEMPORARY ORDER AND TO HEAR THE ORDER TO SHOW CAUSE, MOTION FOR CONTEMPT, AS SCHEDULED AT THE TRIAL DATED FEBRUARY 25, 2015."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT FAILED TO RECORD THE PROCESSING [SIC] WITH RULES OF SUPERINTENDENCE {RULE 11} AND RULES OF APPELLATE PROCEDURE {Rule 9}, TRANSCRIPTS: NOVEMBER 5, 2014, JANUARY 15, 2015, FEBRUARY 25, 2015, AND JANUARY 12, 2016.   ALSO, THE ENTRY SETTLING [SIC] HEARING FOR AUGUST 27, 2013 DID NOT HAVE A RECORD."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT FAILED TO ISSUE A COMPLETE DECISION DENYING OBJECTION TO MAGISTRATE'S DECISION AND DENYING MOTION FOR NEW TRIAL; JUDGMENT ENTRY: DECREE OF DIVORCE, BY EMBEDDING (PAGE 7) 'DIVORCE DECREE' WITHIN ITS PAGES AND THAT THE BUSINESSES, TAX RETURNS, DEEDED TIMESHARE WERE STILL NOT FULLY ADDRESSED WITHIN THE FINAL ORDER."

SIXTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT FAILED, [SIC] TO ISSUE A TIMELY RESPONSE, TO THE JUDGMENT ENTRY: SPECIAL MANDATE, BY THE FOURTH DISTRICT COURT OF APPEALS, CASE NUMBER 15CA38 FILED JULY 22, 2016, WITH THE MAGISTRATE'S ORDER FILED ON AUGUST 8, 2016, AND THE RESPONSE TO THAT ORDER WAS AMENDED MAGISTRATE'S DECISION; FINDINGS OF FACT AND CONCLUSIONS OF LAW, FILED ON APRIL 25, 2017.   THIS DELAY WAS 8 MONTHS AND 19 DAYS."

{¶2} On July 1, 2013, appellant, through counsel, filed a complaint for divorce against appellee[1]. Appellant also requested a temporary spousal support order. The trial court subsequently allocated $1,000 per month for temporary spousal support. On August 5, 2013, appellee filed an answer and counterclaimed for divorce. Appellee also objected to appellant's request for temporary spousal support, asserting that he did not have the financial means to pay support. On September 30, 2013, the trial court issued an "agreed modified temporary order." In it, the court recited that the parties agreed to modify the temporary order and that appellee agreed to pay appellant $600 for monthly spousal support.

{¶3} In March 2014, appellant's counsel unexpectedly passed away. Appellant did not retain new counsel, and from that point proceeded *pro se*. On December 1, 2014, appellant filed a motion for contempt and an order to show cause. In particular, appellant requested the trial court find appellee in contempt of the agreed modified temporary order. The court set the matter for a hearing on February 25, 2015. On February 12, 2015, appellant filed a "Motion to Compel Full Disclosure and Declaration of Documents." Appellant asserted that she had requested various documents via email, but appellee did not produce the documents. On February 25, 2015, appellant filed a motion to continue the final hearing. She asserted that appellee had not responded to her motion to compel and that she did not receive the requested financial documents. On February 25, 2015, the magistrate held a final hearing. Appellant discussed her request to continue the matter and stated that she did not have all of the documents that she requested. Appellant asserted she did not receive "full disclosure on all businesses balance sheets" or information regarding checking and

---

[1] The facts are taken from our prior decision in *Bibbee v. Bibbee*, 4th Dist. Athens No. 15CA38, 2016-Ohio-5188.

savings accounts.   Appellee's counsel stated, however, that he had sent everything to her, and that he had "no idea" what documents she sought.   Thus, appellee objected to appellant's request to continue the final hearing.

{¶4} Although the magistrate noted that appellant had filed a motion to compel the disclosure of various financial documents, the magistrate explained that appellant did not properly comply with the discovery rules when she requested the documents.   The magistrate thus denied appellant's request to continue the final hearing.

{¶5} The magistrate next asked appellant to explain exactly what assets and debts she believed that the parties had.   Appellant disputed some of the debts that appellee listed.   The magistrate then questioned appellant about what the parties had to argue about if they only had debt, and that the appellee was willing to assume all of the debt.   Appellant stated that she believed that her "home was taken away from me ah, through malice.   I believe that my vehicle was taken away from me through that as well.   I do believe that I deserve some compensation because of the time, the length of time that we were married."

{¶6} Appellant continued to relate her belief that the parties have "business assets."   She believed that one of the balance sheet documents "retained earnings of * * * two hundred sum [sic] thousand dollars."   She believed "there is in fact money in these companies."   Appellant claimed that she had not been given accurate financial documents so she had been unable to properly determine the value of the businesses.   The magistrate noted that appellant's affidavit filed with the divorce complaint listed Bibbee Motor, Inc., Jerry Bibbee, Inc., New Era LLC, New Era, Inc., and Cargo LLC as business assets.

{¶7} Appellant stated that the parties also have a time share property, but "there is some

issues there with taxes as far as I know and they have not yet been paid * * *.   So I would say that's gonna [sic] be close to being nonexistent * * *."   Appellant further stated that the parties have a checking account with an approximately $50 balance and that the parties own 200 shares of stock. Appellant also requested $2,000 as monthly spousal support.

{¶8} Appellee stated that although he owns various businesses, none are profitable or have significant assets.   Appellee explained that Jerry Bibbee, Inc. has a checking account with an approximately $300 balance and that he uses it as a personal account.   He stated that Cargo LLC has a checking account with a balance of $27.   Another business entity has a checking account with a $100 balance.   Appellee explained that none of the businesses he owns has been profitable since 2007 or 2008.   Appellee stated that due to his failed business ventures, he currently has approximately $850,000 in debt.   Appellee explained that the 200 shares of Diamond Hill stocks are worth $24,000 to $25,000, but are secured by a loan with a balance of $15,433.   Appellee denied that he is hiding assets.

{¶9} On June 23, 2015, the magistrate determined that the parties had $837,233.33 in marital debt: (1) Settlers Bank Loan, $15,433.33; (2) Settlers Loan, $48,500; (3) Ford Credit Card, $10,000: (4) Bibbee Motor Taxes, $35,000; (5) Chase line of credit, $2,300; (6) Cargo employment taxes, $10,000, (7) Randy Schaffer (personal loan), $500,000; (8) OVB credit card, $15,000; (9) Buddy Hyatt (personal loan), $45,000, (10) Cotner & Cooley CPA, $10,000; (11) Meigs County taxes, $9,000; (12) Bank of America Credit Card, $9,000; (13) MBNA credit card $12,000; (14) Jack Wolfe (personal loan), $500; (15) Hayes Insurance, $1,800; (16) Larry Richardson, $2,500; (17) Denny Burchette, $7,000; (18) Jim Meagle, $15,000; (19) Mike Ash, $5,000; (20) Horner & Harrison, $4,500; (21) New Era Broadband, $1,200; (22) O'Bleness Memorial Hospital, $2,200; (23)

Marietta Memorial Hospital, $1,800; (24) Holzer Health Care, $10,000; (25) Home National Bank, $58,000; and (26) "State of Ohio Ford" [sic] $6,500.   The magistrate further found that the parties' marital residence had been foreclosed upon and that neither party owned any real estate.   The magistrate recognized that appellant stated that the parties have a time share in Tennessee, but there are "some tax issue[s]."   The magistrate further found that (1) Jerry Bibbee, Inc. has a $300 account balance; (2) Cargo LLC has a $27 account balance; and (3) another business entity has a $100 account balance.

{¶10} The magistrate found "that [appellant] does need spousal support and that a duration of five years, as she requested, is not unreasonable given the duration of the marriage and upon the finding that she is able to become self-supporting."   However, the   magistrate further noted that appellee agreed to assume responsibility for all of the parties' marital debt, and thus determined that "spousal support should be set at a $0.00 amount."   The magistrate thus recommended that the trial court (1) grant the parties a divorce; (2) award appellee the Chevy Tahoe; (3) award appellant a car hauler; (4) award appellant various items of personal property; (5) allocate all marital debt to appellee; (6) allocate $0 to appellant as monthly spousal support and retain jurisdiction to consider spousal support; and (7) preserve any spousal support arrearage for collection.

{¶11} On July 7, 2015, appellant filed a "response" to the magistrate's decision that contained a litany of complaints.   She asserted that she did not agree with the magistrate's decision and claimed that she had "not been treated fairly or equitabl[y]."   Appellant appeared to assert that appellee engaged in financial misconduct and failed to fully disclose assets and that appellee "submitted a fraudulent financial affidavit."   Appellant also alleged that appellee's counsel failed to comply with appellant's requests for documents.   Appellant argued that the magistrate is required to

order the parties to give full disclosure and "failed to do so when requested by [appellant."

Appellant believed the magistrate (1) had a duty to subpoena documents on appellant's behalf based

upon R.C. 3105.171(E)(4), and (2) failed to address her request to find appellee in contempt due to

his failure to pay spousal support.

{¶12} Appellant also requested the trial court to award her "100% of all marital and company

assets" "due to [appellee's] failure to fully disclose, failure to file our Federal Income Taxes/Forms,

and his malicious intent to dispose of all assets that had my name on them in his current attempt to

leave me penniless." She asserted that appellee should be ordered to pay the overdue spousal

support and to continue paying spousal support in the amount of $2,000 per month until the case is

settled. Appellant claimed that the parties owned 200 shares of stock with a value of $37,000. She

recognized that appellee took out a loan against the stock, but asserted that they had equity.

Appellant further stated that she "want[s] the Timeshare at Pigeon Forge."

{¶13} On September 11, 2015, appellant objected to the magistrate's decision and filed a

motion for a new trial that, in essence, repeated her earlier complaints. On November 25, 2015, the

trial court overruled appellant's objections to the magistrate's decision and her motion for a new

trial. The court also adopted the magistrate's decision and granted the parties a divorce. The court

(1) awarded appellee the Tahoe; (2) awarded appellant a car hauler; (3) awarded appellant various

items of personal property; (4) allocated all marital debt to appellee; (5) allocated $0 to appellant as

monthly spousal support and retained jurisdiction to consider spousal support; and (6) preserved any

spousal support arrearage for collection.

{¶14} On appeal to this court on July 22, 2016, we dismissed the appeal because the trial

court's decision did not constitute a final, appealable order. *Bibbee v. Bibbee*, 4th Dist. Athens No.

15CA38, 2016-Ohio-5188, ¶ 26.   In particular, we concluded that the trial court's decision did not dispose of all of the parties' property, did not value all of the property, and did not classify all of the property as marital or separate.   We expressed no opinion on the merits of the trial court's ultimate property division.   Instead, we noted that the divorce decree, as presently written, does not properly address and dispose of all of the parties' property.   *Id.*, footnote 3.

{¶15} On April 25, 2017, the Magistrate issued an Amended Magistrate's Decision with Findings of Fact and Conclusions of Law and incorporated the property referenced by this court. Appellant filed objections to the Magistrate's Decision on May 5, 2017 and alleged that in several places throughout the record, she believed she had been prejudiced throughout the case by virtue of her status as a *pro se* litigant.   On July 11, 2017, the trial court denied appellant's objections to the magistrate's decision and denied the motion for new trial.   The trial court indicated that it had reviewed the record de novo with an eye toward leniency, noting the preference which courts ought to demonstrate for reviewing a case on the merits rather than disposing of it on technical or procedural grounds.   The court found appellant's claims to be without merit and concluded that appellant failed to establish her entitlement to a new trial under Civ.R. 59, noting that she does not cite specifically, or even generally, as to which portions of the record she believes would entitle her to a new trial, nor does she state which of the magistrate's findings she believed to be incorrect.

{¶16} The trial court thus ordered, among other things, that: (1) the marital relationship terminated on the grounds of incompatibility pursuant to R.C. 3105.01(K); (2) appellant's maiden name restored; (3) appellant awarded the 2004 car hauler as individual property; (4) appellant awarded the joint checking account at Hocking Valley Bank as her individual property; (5) appellee awarded the "Jerry Bibbee, Inc" bank account, the "Cargo, LLC" bank account, and the "Cargo, LLC

of Alabama" bank account as his individual property; (6) appellant awarded the Pigeon Forge timeshare as her individual property and appellee ordered to pay the outstanding taxes and/or association fees associated with the timeshare; (7) appellee awarded the 2013 Chevy Tahoe as his individual property and he must pay the loan on said vehicle; (8) that within thirty days, the Diamond Hill stock must be sold, the proceeds first to be used to satisfy the loan with Settlers Bank which these stocks secured, with any balance of the net proceeds to be divided equally between the parties; (9) that appellee assume responsibility for all marital debt as set forth in Finding of Fact #25; (10) that appellee pay the note with Settlers Bank in the approximate amount of $2,200 or $2,300 (the deficiency owed on the 2007 Cadillac Escalade); (11) that unless ordered otherwise, each party be responsible for debt in his or her individual name; (12) that neither party use the other party's credit and/or incur debt in the other party's name; (13) appellee awarded use of the various business entities and/or company names as his individual property; (14) that if there are years that both parties did not file an income tax return, the parties must file in the method that achieves the largest refund, or minimizes their liability, for said tax year, and any refund shall be divided equally; (15 that effective March 1, 2015, appellee ordered to pay $0.00 spousal support per month via a wage withholding order for a period of 60 months; (16) that, absent modification, this spousal support award terminate on February 28, 2020, or upon the death of either party, whichever event occurs earliest; (17) that the spousal support arrearage of $2,700 existing due to the temporary award of spousal support is preserved for purposes of collection and appellee is ordered to pay this sum, in full, directly to appellee within 60 days; (18) that both parties' motions for contempt be denied due to inability to pay; (19) that each party must pay his/her attorney fees; and (20) the court costs be paid from the deposits, and any remaining balance assessed equally to the parties to be paid in full within 120 days.

This appeal followed.

I.

{¶17} In her first assignment of error, appellant asserts that the trial court erred by denying her motion for continuance, thereby failing to allow appellant "additional time in her pursuit of full complete discovery." Appellant filed for divorce on June 30, 2013 and the court set the matter for trial on February 25, 2015, approximately sixteen months later. Discovery had been ongoing prior to trial, and appellant did not seek the continuance until the day of trial.

{¶18} "The decision whether to grant a continuance is within the sound discretion of the trial court." *Hartt v. Munobe*, 67 Ohio St.3d 3, 9, 615 N.E. 2d 617 (1993). Thus, "[a]n appellate court will not find error 'unless it clearly appears, from all the facts and circumstances, that there has been an abuse of discretion, operating to the prejudice of the party in the final determination of the case.'" *Garrett v. Garrett*, 54 Ohio App.2d 25, 34, 374 N.E.2d 654 (1977). In ruling upon a motion for a continuance, "[t]he trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "'other relevant factors, depending on the unique facts of each case.'" *Unger* at 67-68, 423 N.E.2d 1078, citing *United States v. Burton* (C.A.D.C.1978), 584 F.2d 485.

{¶19} In the case sub judice, appellant had sixteen months to obtain discovery and had no need to unreasonably delay the trial. *Hartt* at 9. Moreover, appellant fails to show how she was

prejudiced due to the denial of the continuance.

Accordingly, we overrule appellant's first assignment of error.

II.

{¶20} In her second assignment of error, appellant appears to argue that the court and/or appellee's counsel prevented her from introducing evidence at trial.   Appellant states that "[d]uring the pretrial hearing on January 15, 2015, * * *   Appellant, negotiated a document submission deadline, from the Pretrial Statement, of (10) days in lieu of the standard (7) days, which would have been due on January 25, 2015.   This was a Sunday, so the Pretrial Statement was submitted on file date Monday January 26, 2015.   Attorney, for the Appellee, volunteered to write the Entry on Pretrial.   In this Order it stated the (7) day derogatory of the Appellant's, negotiation for the (10) days during the hearing held on January 15, 2015."   Appellant then contends that she received an email from appellee's counsel stating that "if you attempt to offer any documents at trial this email will put you on notice of my intention to object to the same."

{¶21} It is unclear exactly the nature of appellant's allegation.   The record evidences several instances where appellant's lack of knowledge of the rules of evidence and procedure caused her difficulty, including the trial court's multiple advisements that she should retain new counsel after her counsel passed away unexpectedly during the pendency of the case.   However, the record does not reveal that appellant could not introduce any evidence she might have had as a result of her allegations.    The record further shows that the parties had few assets and significant debt at the time of their divorce.   We conclude, after our review of the record, that the trial court did not abuse its discretion in the distribution.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of

error.

III.

{¶22} In her third assignment of error, appellant argues that the trial court abused its discretion when it did not specifically address the allegation that appellee failed to pay temporary spousal support as the same was ruled upon and merged into the court's final order.

The trial court, in its July 11, 2017 decision, held "effective March 1, 2015, Defendant is ordered to pay spousal support in the amount of $0.00, plus 2% processing fee, per month * * *  for a period of sixty (60) months; and that the Court retain jurisdiction to modify spousal support in accordance with Ohio Revised Code 3105.18; and that absent modification, this award of spousal support terminate February 28, 2020, or upon the death of either party, whichever event occurs earliest; and that the spousal support arrearage of $2,700.00 existing due to the temporary award of spousal support is preserved for the purposes of collection and Defendant be ordered to pay this sum, in full, directly to Plaintiff within sixty (60) days."

"Trial courts generally enjoy broad discretion to determine spousal support issues." *Bolender v. Bolender*, 4th Dist. Adams No. 13CA984, 2014-Ohio-2136, ¶ 15.   Thus, an appellate court will not reverse a trial court's spousal support decision absent an abuse of discretion.   *Id.*, citing *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990); *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989).

{¶23} R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support.   R.C. 3105.18© states:

> (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

© The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

{¶24} During the final divorce hearing in the case at bar, evidence was presented pertaining

to the applicable spousal support factors listed in R.C. 3105.18©. For example, the trial court considered that appellant testified that she had living expenses of $1500-1600 and received "governmental assistance medical" and "food stamps." Appellant testified that she did not pay into social security, and that she is not working. Appellee worked as a janitorial supply salesman at the time of the parties' divorce, earning $60,000 per year. Further, appellee testified about his multiple failed business ventures, none of which was making a profit at the time of the divorce proceedings, and that he had acquired considerable debt over $800,000.

{¶25} As the final divorce decree, the July 11, 2017 judgment provided for a division of marital property and included listings of assets and liabilities of the parties that the court considered when making that determination as per our dismissal. Based on our review on the record, we find that the trial court's award of spousal support in the amount of $0.00 per month to appellant is not unreasonable. While the parties were married for nearly 25 years, and appellant had not been employed outside of marital-based businesses, they unfortunately amassed far more debt than assets. Appellee assumed all of the parties' debt, making an award of further spousal support inequitable. However, it is important to point out that the court did preserve the spousal support arrearage for purposes of collection and ordered appellee to pay. Further, the motion for contempt and motion to show cause were merged into the final decree of divorce.

Accordingly, we overrule appellant's third assignment of error.

IV.

{¶26} In her fourth assignment of error, appellant asserts that the trial court failed to provide a clear and concise transcript, and that the November 5, 2014, January 15, 2015, February 25, 2015, January 12, 2016, and August 27, 2013 hearings did not have a record. In addition, she appears to

argue that some hearings occurred without her presence and she appears to believe that all   entries require a hearing.   As noted by appellee, "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum."   *Schenley v. Kauth,* 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus.   Moreover, appellant appears to misunderstand when the trial court is required to hold a hearing.   As the appellee points out, agreed orders are rarely placed on the record.   Here, the trial court's record of proceedings complies with the Rules of Superintendence.   Appellee also counters that the parties submitted their agreement, in writing, signed off on by Counsel to both parties, at that time.   Appellant did not object to the agreement during the pendency of the case, nor did she make a request for modification.

Accordingly, we overrule appellant's fourth assignment of error.

V.

{¶27} In her fifth assignment of error, appellant appears to challenge the final divorce degree.   In particular, appellant argues that the decree did not fully address the businesses, deeded timeshare, and tax returns.   However, our review of the July 11, 2017 "Decision Denying Objections to Magistrate's Decision and Denying Motion for New Trial; Judgment Entry; Decree of Divorce," reveals that the trial court awarded appellee the "Jerry Bibbee, Inc." bank account and the "Cargo, LLC" bank account and the "Cargo, LLC of Alabama" bank account as his individual property. Further, the court awarded appellee use of the various business entities and/or company names as his individual property.   In addition, in the July 11, 2017 decision, the trial court awarded appellant the Pigeon Forge Timeshare as her individual property and ordered appellee to pay the outstanding taxes and/or association fees associated with the timeshare and to indemnify and hold appellant harmless thereon. Finally, the court noted that if there are years that both parties did not file an income tax

return, the court ordered the parties to file in the method to achieve the largest refund, or minimizes liability. The court further ordered that any refund received shall be divided equally between the parties and any liability shall be assessed to appellee to pay.

Accordingly, we conclude that appellant's fifth assignment of error is without merit and is overruled.

VI.

{¶28} In her final assignment of error, appellant appears to contend that the trial court did not timely respond to the mandate of this court. She asserts that a delay of eight months and nineteen days between this court's decision and the magistrate's decision is excessive. Appellant, however, does not assert how this time period prejudiced her. Appellant states "The Appellant, feels like the time that had lapse was due to the Athens County Court, not having Full Disclosure. The Appellant, never has received Full Disclosure." As the trial court stated in its July 11, 2017 decision, the court reviewed the record "with an eye toward leniency" due to appellant's status as a pro se litigant. The court went on to hold: "Indeed, Plaintiff's statements and behavior throughout the record clearly demonstrate her strongly held belief that information is being withheld from her, either by Mr. Bibbee, Mr. Tenoglia or the Magistrate. However, no evidence is ever offered which would support such a belief. It is perhaps for this reason that Defendant states, in his response brief, that, "it is impossible for Mr. Bibbee to prove the negative. He simply cannot be expected to show something that does not exist."

{¶29} We believe that appellant fails to show how the trial court's time frame in handling this matter prejudiced her. As such, we overrule appellant's sixth assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.    Appellant and Appellee shall equally pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J., Abele, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Marie Hoover, Presiding Judge

BY:_____
     Peter B. Abele, Judge

BY:_____
     Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

## TOPICS & ISSUES

Trial court did not err dividing martial property and debt.